# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN MILNER,<br>    *Plaintiff*,<br><br>v.<br><br>SHARRON LAPLANTE *et al.*,<br>    *Defendants*. | No. 3:18-cv-00903 (JAM) |

## ORDER DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff Shawn Milner filed the complaint in this action while he was in the custody of the Connecticut Department of Correction. Doc. #1. On January 2, 2019, the Court issued its initial review order. Doc. #14. In accordance with the Court's local rule that requires a self-represented litigant to provide a current address where service can be made upon such party, D. Conn. L. Civ. R. 83.1(c)(2), the Court's initial review order advised plaintiff that if he changes his address at any time during the litigation of this case, he must notify the Court and that failure to do so could result in dismissal of the case. Doc. #14 at 10.

On November 20, 2019, the Court entered an order to show cause why the case should not be dismissed, stating in relevant part: "The Court's own review of the Department of Corrections on-line inmate locator reflects that plaintiff is no longer in the custody of the Department of Corrections. Plaintiff shall file an updated address of record by December 11, 2019 as required by D. Conn. L. R. 83.1(c)(2) or the Court shall likely dismiss this action for failure to prosecute." Doc. #64.

The Department of Correction on-line inmate locator continues to reflect that plaintiff is no longer in the custody of the Department of Correction, and plaintiff has yet to file any response to the Court's order to show cause to update his address. The Court declines to devote

its resources (as well as the resources of defendants) to the litigation and adjudication of an action where there is substantial uncertainty about a plaintiff's willingness to continue the prosecution of the case as well as to comply with the Court's rules and orders. "Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." *Fate v. Doe*, 2008 WL 1752223, at *2 (collecting cases), *adopted by* 2008 WL 2661928 (S.D.N.Y. 2008).

After taking into account each of the factors outlined in *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), I conclude that it is appropriate for this action to be dismissed. Because "dismissal with prejudice is a harsh remedy to be utilized only in extreme situations," *Lyell Theatre Corp v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982), I will dismiss this action without prejudice.

Accordingly, pursuant to Fed. R. Civ. P. 41(b), the Court DISMISSES this case without prejudice to plaintiff's filing of a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) explaining why he has not complied with the Court's order to show cause. *See Melvin v. Miller*, 2016 WL 1255548, at *1 (D. Conn. 2016) (granting Rule 60 motion to reopen action that had been dismissed due to plaintiff's failure to update address where plaintiff promptly moved after learning of the dismissal to reopen on the ground that he suffered from a severe illness and where defendants were unable to show serious prejudice from reopening). Any such motion must be filed promptly upon plaintiff's learning of the dismissal of this action. The Court DENIES without prejudice all pending motions as moot in light of the dismissal of this action. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 10th day of January 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge